This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**TED R. CASTILLO,**

Plaintiff-Appellant,

v.                                    NO. 33,153

**RONALD HOUVENER, BILLIE JO,**
**HOUVENER, and LESLIE HOUVENER,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Ted R. Castillo
Albuquerque, NM

Pro Se

The Turner Law Firm, LLC
Scott E. Turner
Albuquerque, NM

The Garrison Law Firm, LLC
Jacob A. Garrison
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     This appeal initially involved a dispute between neighbors regarding an easement. [DS 1] Prior to briefing, however, the parties participated in voluntary mediation and executed a memorandum of understanding laying out a settlement to their dispute. [DS 8-9] More specifically, that memorandum established a method by which the parties were to determine the boundaries of the easement and various actions that the parties would take to resolve their dispute regarding that easement. [RP 228-29] That memorandum also recited that "[t]he terms of this memorandum agreement shall be memorialized in a settlement agreement and release, and incorporated into [a contemplated] amended judgment." [Id.] During the process of negotiating the language of that settlement agreement, a dispute arose between the parties regarding the meaning and enforceability of the memorandum of understanding. [DS 9] Eventually, this Court remanded the case back to the district court so that the parties could get a ruling on whether or not the memorandum was an enforceable contract. [DS 10] The district court answered that question in the affirmative, and Plaintiff brought this second appeal from that court. [Id.]

{2}     In this second appeal, Plaintiff's supplemental docketing statement asserted issues related both to the memorandum of understanding and issues arising out of the earlier trial that was the subject of that memorandum. [SDS 10-28] Our most recent

2

calendar notice proposed to affirm the district court's ruling regarding the memorandum and also proposed that issues related to the prior trial were rendered moot by the parties' settlement of their underlying dispute. [3CN 2] Plaintiff has since filed a memorandum in opposition to summary disposition and a letter to the Court, both of which assert Plaintiff's disagreement with this Court's proposed disposition as well as various issues arising over the entire course of this litigation. Having considered Plaintiff's filings in this Court, we are unpersuaded and now affirm.

{3}      With regard to Plaintiff's argument that the memorandum was not a contract, Plaintiff argues that he did not intend for it to be an agreement, that it does not "indicate that it is an agreement nor that it is binding," that it was not supported by an offer, an acceptance, mutual agreement, and consideration [MIO ¶ 2], and that "[a]n agreement has never been reached" [LTR ¶ 7]. Plaintiffs argument on this point, however, consists entirely of the undeveloped assertions just quoted. Apart from simply reasserting his opinion that the memorandum of understanding is not an enforceable contract, Plaintiff does not explain how the facts of this case or the applicable law can lead to the conclusion he would like from this Court. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not

fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We, therefore, hold that the memorandum of understanding consists of an accepted offer to settle the parties' disputes. The document, itself, which is signed by the parties, consists of validly exchanged promises by the parties to perform specific actions in consideration of one another's performance of their mutually assumed obligations. As such, the memorandum is an enforceable contract. *See Strausberg v. Laurel Healthcare Providers, LLC*, 2013-NMSC-032, ¶ 42, 304 P.3d 409 (noting that proof of a contract is accomplished by a showing that "the contract is factually supported by an offer, an acceptance, consideration, and mutual assent" (internal quotation marks and citation omitted)).

{4}     Plaintiff also asserts that "Defendant's assertion before the district court that . . . Plaintiff breached the terms of the [memorandum of understanding] by failing to obtain the survey is fraudulent." [MIO ¶ 3] Although it appears from the record that Defendants may have presented evidence that Plaintiff did not obtain a survey [RP 223, 237, 244-48], and our calendar notice made reference to Defendants' assertions in that regard [3CN 4-5], the question of whether Plaintiff did so or not is not ultimately relevant to the question at hand, which is solely whether the memorandum is an enforceable contract.

{5}   The remainder of the issues asserted by Plaintiff in his memorandum and letter involve matters not asserted in his docketing statement. We construe Plaintiff's assertion of these issues as a motion to amend his docketing statement to raise additional isses. In order to show good cause for our allowance of an amendment to a docketing statement, an appellant must establish: (1) that the motion is timely, (2) that the new issues to be raised were either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) that the issues raised are viable. *State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

{6}   The issues that Plaintiff seeks to raise in this appeal, however, are not viable. Many of those issues involve or are based upon facts and assertions that do not appear anywhere in the record of this case. [See MIO ¶¶ 4, 8, 9, 10, 11, 12, 16; LTR ¶ 2] Plaintiff does not suggest that these issues were put before the district court, and, in any event, it is well-established that "[m]atters outside the record present no issue for review." *State v. Reynolds*, 1990-NMCA-122, ¶ 16, 111 N.M. 263, 804 P.2d 1082. Many other issues that Plaintiff seeks to raise involve his prior trial in the district court. [See MIO ¶¶ 5, 6, 7, 13, 14, 17] Because we are affirming the district court's ruling that the memorandum of understanding constitutes a valid and enforceable

settlement of the claims raised in that trial, however, any issues arising from that trial are rendered moot by the memorandum, itself. [3CN 2] And, finally, Plaintiff's remaining issues are completely undeveloped arguments consisting entirely of bare assertions that the memorandum "is being used . . . to outsmart and swindle the Plaintiff," and that the State "has an obligation to protect its citizens from fraudulent use of the courts." [MIO 1, 15] It is not the proper role of this Court to engage in speculation and surmise to construct an appellate argument for a party. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to review undeveloped arguments).

{7}     As the new issues asserted by Plaintiff are not viable, we deny Plaintiff's motion to amend his docketing statement and affirm the order of the district court holding that the memorandum of understanding is valid and enforceable.

{8}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

6

_____

**STEPHEN G. FRENCH, Judge**